UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIC RODNEY HILL, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-02067 (UNA) |
| | ) | |
| | ) | |
| GOVERNMENT FOR THE | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's imitating submission, ECF No. 1, which includes a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and his application for leave to proceed *in forma pauperis*, ECF No. 2.  The court will grant the *in forma pauperis* application and dismiss the case without prejudice.

Petitioner, an inmate currently designated to the D.C. Central Detention Facility ("CDF"), appears to sue the D.C. government, D.C. Superior Court, and CDF.  At the outset, the court notes that petitioner has attempted to initiate this case, in part, by filing an untitled letter to Hon. Beryl A. Howell.  But correspondence may not be directed by a party to a judge of this court.  *See* D.C. LCvR 5.1(a).  Petitioner attaches his petition to that letter, but the petition fails to formally comply with Federal Civil Rule 10(b), or D.C. Local Civil Rule 5.1(d) or (g), and is also unsigned in contravention of Federal Civil Rule 11(a).

Even if petitioner had procedurally complied, it is of no consequence.  Petitioner moves this court to review determinations of the Superior Court of the District of Columbia and to vacate his convictions entered by that court due to their alleged unconstitutionality.  As a general rule,

applicable here, this court lacks jurisdiction to review the decisions or to enjoin the actions of the Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). That is the province of the District of Columbia Court of Appeals.

More, D.C. Code § 23-110, in relevant part provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). A petitioner has no recourse in federal court "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986). Although petitioner broadly contends that he has "no judicial remedies," presumably in the District of Columbia local courts, he does not explain that contention, nor does address any efforts that he has made in pursuit of an appeal or of any post-conviction relief pursuant to § 23-110, let alone establish that his local remedies were somehow inadequate or ineffective.

For these reasons, this habeas action will be dismissed without prejudice for want of jurisdiction. A separate order accompanies this memorandum opinion.

Date: 7/31/23

TREVOR N. McFADDEN
United States District Judge